NO. 07-09-0221-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 16, 2011

_____

KALMINE SHANELL MENSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19,085-A; HON. HAL MINER, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., PIRTLE, J., and BOYD, S.J.[1]

Kalmine Shanell Menson (appellant) appeals the punishment portion of his conviction for aggravated assault. Through one issue, appellant contends that the evidence is legally insufficient to support the enhancement paragraph. We affirm.

Appellant was charged with aggravated assault, enhanced. He pled guilty and was placed on six years deferred adjudication probation. Subsequently, the State filed a motion to adjudicate appellant's guilt. At the hearing, appellant entered pleas of not

---

[1]Senior Justice John T. Boyd, retired, sitting by assignment.

true to the allegations contained in the motion. Evidence was presented by both the State and appellant after which the trial court adjudicated appellant guilty. Appellant appeals this determination.

Initially, appellant's counsel filed an *Anders* brief, along with a motion to withdraw. This court, in an opinion dated February 18, 2010, granted the motion to withdraw and abated the cause back to the trial court for appointment of new counsel. New counsel was directed to file a brief wherein the following areas of concern were to be addressed: (1) did the trial court err by not taking a plea to the enhancement allegation; (2) did the trial court err by not making a finding of true to the enhancement allegation; (3) was any implied finding of true to the enhancement allegation supported by legally and factually sufficient evidence; and (4) was the error, if any, harmless? New counsel filed a brief addressing these areas. Furthermore, counsel pointed out that this court did not have the benefit of the record of the original plea hearing. According to that record, the trial court admonished appellant as follows: "[Appelllant], you are charged by an information . . . what would normally be a second-degree felony of aggravated assault with a deadly weapon, but . . . in the information there's an allegation of a previous conviction in Tarrant County, Texas, that enhances the punishment making it a first-degree felony. Do you understand the charge?" Appellant stated that he did. The court further admonished appellant about the range of punishment for both a second degree felony and a first degree. Next, the trial court asked appellant how he was pleading to the information and appellant pled guilty. Furthermore, the clerk's record contained a judicial confession wherein appellant confessed to the charge contained in the information and the enhancement. Moreover, the trial court reviewed the judicial confession with appellant and questioned him as to

2

his understanding of the confession and that he was admitting to everything contained in the information. Specifically, the court asked appellant if he had "read the enhancement paragraph wherein it says that in 1998, you were convicted in Tarrant County, Texas, in the district court there of aggravated robbery," and appellant answered in the affirmative and then pled true to the enhancement.

Appellant, in his brief, admits that all potential areas raised by this court have been addressed except for the fact that appellant's prior conviction was as a juvenile and as such is barred from use as an enhancement. This is so according to appellant because juvenile convictions committed prior to 1996 are statutorily barred from such use. And, even though the enhancement paragraph stated the conviction occurred in 1998, nothing of record shows that the offense had not been committed in 1996. Therefore, the State failed to prove this element.

However, appellant pled true to the enhancement paragraph. Appellant's plea of true to the enhancement paragraph is alone sufficient to show that he had a prior felony conviction. *See Dinn v. State*, 570 S.W.2d 910, 915 (Tex. Crim. App. 1978); *Hall v. State*, 137 S.W.3d 847, 856 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). Therefore, we conclude that appellant's plea of true precludes his complaint about the insufficiency of the evidence to establish his enhancement paragraph. *See Dinn v. State*, 570 S.W.2d at 915; *Hall v. State,* 137 S.W.3d at 856.

Accordingly, we affirm the judgment of the trial court.


Per Curiam

Do not publish.


3